MANUEL ÁVILA VILLALOBOS, Plaintiff and Appellee, *v.* REGALADO NÁTER ET AL., Defendants and Appellants.

No. 8459.   Argued June 10, 1942.—Decided June 26, 1942.

Pedro E. Anglade for appellants.   A. Reyes Delgado and P. Santos Borges for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This is an action for an injunction to retain possession of a rural estate. The plaintiff alleges in his complaint that since May 11, 1939, he has been in possession by purchase which he made of the same from Mrs. Juana A. Rodríguez Despiau, who was in possession for many years, having delivered the same on the date of the sale; that the defendants, the seller's sons, have entered upon the estate and have disturbed him in his possession, alleging that the estate belongs to them. The complaint was filed February 16, 1940.

The defendants moved for the striking of the complaint, and, if overruled, then of some of its particulars, demurred to the same and answered denying the facts therein stated. The motions to strike and the demurrer were overruled and after trial of the action the court held in favor of the plaintiff.

█ The defendants appeal and assign nine errors. The first three errors are to the effect that the lower court erred in overruling the motions to strike and the demurrer. The allegations of the complaint which the defendants moved be stricken are those which refer to the sale of the estate. In a case similar to the one at bar, *Buxeda, Jr.* v. *Escalera,* 47 P.R.R. 610, 612, this same matter was passed upon, it being said:

"We are not convinced that it was proper to strike out as requested because plaintiff by making the allegation in his complaint that he had bought the lot in question from defendant Escalera and that he had segregated part of it and sold it to J. C. Gómez, gave color to the actual possession alleged as basis of the action and to lay the foundation for a perfect description of the property claimed."

The lower court did not err in overruling the motions to strike nor in overruling the demurrer for reasons which we will now state.

█ The appellants allege that since the complaint was filed on February 16, 1940, and it was alleged therein that

the plaintiff entered into possession of the estate on May 11, 1939, the complaint does not state facts sufficient to constitute a cause of action because there is no allegation that the plaintiff had been in possession for a period of a year preceding the filing of the complaint, as required by law. But the complaint alleges further that for many years and up until the time when it was conveyed to the plaintiff Mrs. Juana A. Rodríguez Despiau had been in possession of the estate and these allegations are sufficient in accordance with the decision in the *Buxeda* case, *supra,* in which a similar fact situation was presented.

The same matter is alleged by the appellants in the seventh error assigned, but with reference to the proof of possession. They argue that the plaintiff had to prove that he personally had been in possession for a whole year before the filing of the complaint. In a case such as the one at bar where it was proven that the plaintiff acquired the estate from the mother of the defendants and that she had been in possession for several years and up until the time when she delivered the same to the plaintiff, the possession of the previous possessor completes that of the plaintiff, as was held by the lower court. The plaintiff could have asked for a possessory injunction in order to protect his rights in accordance with §375 of the Civil Code (1930 ed.) which provides that: "Every possessor has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure." It was proven that the disturbance suffered by the plaintiff took place within the year preceding the filing of the complaint, and that, together with the other proven facts, was sufficient.

The appellants complain, in other assignments of error, of the admission in evidence of the deeds of sale of the estate. Although matters of title or the right to possession cannot be passed upon in an action such as this one the

lower court committed no error, since, as it made clear, the deeds were not admitted for the purpose of proving title or any right whatsoever, but to establish the fact of the delivery of the estate by the mother of the defendants to the plaintiff and to contradict her testimony and that of her daughter insofar as they denied that the attesting notary had read to them the said documents.

■ Lastly, the appellants allege that the judgment rendered is contrary to the evidence. We have made a careful examination of the record, and we are convinced that the evidence introduced by the plaintiff, and that which the trial judge believed, is sufficient to sustain the judgment. It was proven that the plaintiff not only took possession of the estate, but also fenced it, ordered notices to be placed at the entrances and began the planting of crops on the same, being disturbed in his possession by the acts of the defendants who entered upon the estate several times, took down the notices and destroyed a beanfield; threatened the plaintiff's employees as they went to work on the estate and prevented their doing so, it being proven, further, that the defendants carried away cattle from the estate, not once but several times. The act of disturbance proved was not an isolated one, but one of a series of related acts, and by virtue of which the defendants, as they expressly stated it, wished to show the plaintiff's employees that they were the owners of the estate.

If, in effect, the defendants have any right over this estate they should appeal to the courts for a determination thereof, but in the meantime, the plaintiff must be respected in his possession.

The appeal is dismissed and the judgment appealed from is affirmed.

Mr. Justice Travieso did not participate herein.